IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL TODD                                                                                               PLAINTIFF

v.                                Civil No. 4:13-cv-04058

JOHNNY GODBOLT;
and SERGEANT STAGGS                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Todd filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 30, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Detention Center ("HCDC") in Hope, Arkansas. Plaintiff's address of record indicates he is currently incarcerated in the Arkansas Department of Corrections Varner Unit in Grady, Arkansas.

In Plaintiff's Complaint, he names Johnny Godbolt and Sergeant Staggs as Defendants. Plaintiff claims Sergeant Staggs took his medically prescribed mattress away from him three weeks

1

ago.  ECF No. 1, p. 4.  Plaintiff also attaches a grievance he wrote to Godbolt regarding the issue, and claims Godbolt told him not to write anymore grievances on the matter.  ECF No. 1, p. 4.  Plaintiff also claims he has degenerated disc disease and this is the reason he was prescribed the mattress.  ECF No. 1, p. 4.

Plaintiff goes on to allege that he has been confined in HCDC for seventy-four (74) days without formal charges being brought against him.  Plaintiff claims this violates HCDC policy and his due process rights.  ECF No. 1, p. 5.  Lastly, Plaintiff claims he is being retaliated against.  ECF No. 1, p. 4-5.

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy

2

for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claim regarding his confinement in the HCDC for seventy-four (74) days fails to state a cognizable claim under section 1983.

### III.   CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claim regarding his confinement be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). This leaves Plaintiff's denial of the medically prescribed mattress and retaliation for later resolution. The issue of service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of July 2013.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE