IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL TODD                                                                                            PLAINTIFF

        v.                                     Civil No. 4:13-cv-04058

JOHNNY GODBOLT;
and SERGEANT STAGGS                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed *pro se* by the Plaintiff, Michael Todd, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Correction Varner Unit ("ADC").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendant Godbolt's Motion for Summary Judgment.[1]  ECF No. 19.  I held a hearing on December 8, 2015, at which time, I heard Plaintiff's sworn testimony in response to the Motion for Summary Judgment.  After careful consideration, I enter the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on May 30, 2013.  ECF No. 1.  The claims Plaintiff allege in his Complaint concern his incarceration in the Hempstead County Detention Center ("HCDC").  In his Complaint, Plaintiff names Sergeant Staggs and Captain Johnny Godbolt as Defendants.

---

[1] Defendant Sergeant Staggs did not join in the Motion for Summary Judgment as will be explained more fully below.

ECF No. 1.  Plaintiff did not specify in his Complaint whether he was suing Defendants in their official or individual capacity.  Specifically, Plaintiff claims Defendants violated his constitutional rights by (1) denying him a medically prescribed mattress for two to three weeks; and (2) retaliating against him.  ECF No. 1.

Defendant Godbolt filed a Motion for Summary Judgment on April 24, 2015.  ECF No. 19.  In this Motion, Defendant Godbolt argued: (1)  Plaintiff only alleged official capacity claims but failed to point to any policy or custom of Hempstead County that violated his constitutional rights; (2) Defendant Godbolt was not deliberately indifferent to any serious medical need suffered by Plaintiff; and (3) Plaintiff was not retaliated against.  ECF No. 20.

The Court held a hearing on this Motion on December 8, 2015.  At this hearing, Plaintiff provided sworn testimony as his response to Defendant Godbolt's Motion.  Plaintiff also filed, prior to the hearing, a written response to Defendant Godbolt's Motion.  ECF No. 24.

**2.    SUMMARY JUDGMENT RECORD**

In their Motion for Summary Judgment, Defendant Godbolt asserts the following as undisputed facts.  Plaintiff was booked into the HCDC on March 11, 2013.  ECF No. 20-1.  On March 12, 2013, Plaintiff was seen by the HCDC nurse, Nurse McClean, for complaints of back pain.  At this visit, Plaintiff was prescribed pain medication and anti-inflammatory medication for his back pain.  Nurse McClean also noted Plaintiff requested an extra mattress.  ECF No. 20-2.  On March 21, 2013, Plaintiff filed another medical request regarding his back pain.  Nurse McClean saw Plaintiff on March 30, 2013 and continued Plaintiff on the previously prescribed pain medication.  ECF No. 20-3.  There are no further medical requests relating to Plaintiff's back.

On May 10, 2013, Plaintiff filed a grievance complaining that Sergeant Staggs took

Plaintiff's extra mattress. Defendant Godbolt responded to Plaintiff's grievance noting he was unsure why Sergeant Staggs took the mattress but it was possible it was needed for another inmate. ECF No. 20-4. Defendant Godbolt swears by Affidavit that he later learned the mattress was in fact taken due to an influx of new inmates into the HCDC. ECF No. 20-5. When an extra mattress became available again, it was given to Plaintiff. ECF No. 20-5. There is no evidence Plaintiff was prescribed an extra mattress by a medical professional.

Finally, Plaintiff filed a grievance on May 13, 2013 complaining that he had been incarcerated for more than sixty (60) days without charges being filed. Plaintiff claims this incarceration is in retaliation for a previous lawsuit he filed against HCDC. Officer Gary Dorman responded noting formal charges had been filed against Plaintiff and Defendant Godbolt had nothing to do with Plaintiff being charged. ECF No. 20-6.

At the summary judgment hearing, I asked Plaintiff to provide a sworn statement detailing how he believes his constitutional rights were violated in response to the Defendant Godbolt's Motion for Summary Judgment. Below is a summary of his sworn testimony:

Plaintiff testified he was booked into the HCDC on March 11, 2013. On March 12, 2013, Plaintiff made a sick-call request and saw the nurse. On March 21, 2013, Plaintiff made another sick-call request and again saw the nurse. Then sometime after March 30, 2013 Sergeant Staggs took away Plaintiff's extra mattress (leaving him with only one) and did not return it for two or three weeks. Plaintiff testified that a Dr. Jones prescribed him the mattress but Plaintiff did not indicate when Dr. Jones gave this prescription.

Plaintiff also testified he suffered more pain while without his extra mattress than he would have suffered with the mattress. Additionally, Plaintiff testified Nurse McClean also stopped his

pain medication at the same time Sergeant Staggs took away his extra mattress. When Sergeant Staggs returned his extra mattress, Nurse McClean also started giving him pain medication again.

I then specifically asked Plaintiff if some HCDC policy caused Sergeant Staggs to take Plaintiff's extra mattress. Plaintiff testified he did not believe so. Instead, Plaintiff believes Sergeant Staggs took Plaintiff's mattress "out of spite." Plaintiff then testified he had no other claims against Sergeant Staggs.

Next, Plaintiff testified that his claims against Defendant Godbolt were because he would not remedy the mattress situation. Plaintiff believes Defendant Godbolt should have returned Plaintiff's extra mattress after Plaintiff wrote the grievance on the matter.

Finally, Plaintiff testified that he is making a retaliation claim against Defendant Godbolt. Plaintiff believes that Defendant Godbolt conspired to sentence Plaintiff to 180 years in prison in retaliation for his prior civil rights action against the HCDC.[2]

## 3. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set

---

[2] Plaintiff's written response did not add anything pertinent to his testimony. ECF No. 24.

forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**4. DISCUSSION**

    A. <u>Capacity of claims</u>

Plaintiff failed to indicate in his Complaint whether he intended to sue Defendants in their official or individual capacity. Further, Plaintiff made no clarification on this issue at the Hearing. Therefore, under Eighth Circuit precedent, I must construe Plaintiff's Complaint to state official capacity claims only. *See Remington v. Hoopes*, 611 Fed. Appx. 883, 885, (8th Cir. 2015) (citing *Baker v. Chisom,* 501 F.3d 920, 924 (8th Cir. 2007)). *See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice").

Plaintiff has failed to state an official capacity claim against Hempstead County. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the Defendants acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants here are treated as claims against Hempstead County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Hempstead County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff testified at the hearing that he did not believe Sergeant Staggs's action of taking away his extra mattress was the result of any Hempstead County policy. Instead, Plaintiff believes Sergeant Staggs simply took the mattress "out of spite." Regarding Plaintiff's retaliation claim, he provided no testimony at the hearing that the alleged conspiracy to sentence him to 180 days in retaliation of a previous lawsuit was in anyway caused by a policy of Hempstead County.

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id*., 725 F.3d at 828 (citations omitted). Plaintiff has also failed to allege any custom of Hempstead County violated his constitutional rights.

Accordingly, all of Plaintiff's official capacity claims fail as a matter of law.

B.  Defendant Sergeant Staggs

Defendant Staggs has not entered an appearance in this matter. It is unclear from the docket whether Defendant Staggss was ever properly served. ECF No. 11.[3] Instead of attempting to locate Defendant Staggs and remedy this service issue, I have determined it would better serve the interests of justice to screen Plaintiff's claims against Defendant Staggs pursuant to the Prison Litigation Reform Act ("PLRA") as Plaintiff is an incarcerated person proceeding *in forma pauperis* in this matter.

Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). According to the screening provision in the PLRA, the Court may dismiss, at any time, claims that (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Plaintiff's official capacity claims against Defendant Staggs are redundant as the official capacity are in actuality claims against Hempstead County. *See Artis v. Francis Howell North*

---

[3] I ordered service of Plaintiff's Complaint on Defendant Staggs at the Hempstead County Sheriff's Office on July 23, 2013. ECF No. 7. The Summons for Defendant Staggs was returned executed and filed on the docket on August 15, 2013. ECF No. 11. However, Defendant Staggs never answered Plaintiff's Complaint or otherwise entered an appearance in this matter. Upon review of the executed summons, I discovered that the Marshal determined Defendant Staggs was no longer employed at the HCDC when he went there to serve him. The Marshal later discovered that Defendant Staggs was employed at Cooper Tire and Rubber Company in Texarkana and sent the summons to Defendant Staggs via the human resource department at Cooper Tire and Rubber Company on August 8, 2013. ECF No. 11. Therefore, I am unsure whether Defendant Staggs ever actually received service and has any knowledge of Plaintiff's Complaint against him.

*Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). As explained above, Plaintiff has failed to state a policy or custom of Hempstead County that violated his constitutional rights, and thus, failed to state an official capacity claim against Defendant Staggs upon which relief can be granted. Therefore, Plaintiff's claims against Defendant Staggs should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

5.  **CONCLUSION**

Accordingly, I recommend Defendant Godbolt's Motion for Summary Judgment (ECF No. 19) be **GRANTED** and Plaintiff's claims against Defendant Godbolt be dismissed with prejudice. Further, I recommend that Plaintiff's claims against Defendant Sergeant Staggs be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of January 2016**.

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE